UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES TORREY HILL,<br>　　　　Petitioner,<br>　　v.<br>JOE A. LAZARRGA, Warden,<br>　　　　Respondent. | Case No. 17-06412 EJD (PR)<br>**ORDER TO SHOW CAUSE** |

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. Petitioner has paid the filing fee.

**BACKGROUND**

According to the petition, Petitioner was found guilty by a jury in Monterey County Superior Court of murder (Pen. Code § 187). (Pet. at 2.) Petitioner was sentenced on January 22, 2014, to 26 years to life with the possibility of parole. (Id. at 1.)

Petitioner appealed his conviction to the state appellate court without success, and then to the state high court which denied review in 2017. (Pet. at 3.)

Petitioner filed the instant petition on November 2, 2017.

# DISCUSSION

## A. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

## B. Legal Claims

Petitioner raises the following claims for federal habeas relief: (1) the trial court erred in admitting evidence that was unfairly prejudicial; (2) the trial court erred when it failed to instruct on mental incapacity; (3) ineffective assistance of counsel for failing to request instruction with the correct definition of mental capacity; (4) the trial court erred when it refused to modify the jury instructions for insanity under CALCRIM 3450; and (5) cumulative effect of errors. (Pet. at 5, 7.) Liberally construed, these claims are cognizable under § 2254 and merit an answer from Respondent.

# CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the court and serve on Petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on Petitioner a copy of all

portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within **fourteen (14) days** of receipt of any opposition.

4. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated: 2/5/2018

EDWARD J. DAVILA
United States District Judge

Order to Show Cause
PRO-SE\EJD\HC.17\06412Hill_osc

3